Dear Mr. Baer:
You have requested an opinion from this office regarding the number of votes necessary for the legislature to suspend a law that created a new tax, increased an existing tax, or created a tax exemption. As you noted in your request, Article7, Section 2 of Louisiana Constitution of 1974 provides the following limitations on the legislature's power to tax:
 "The levy of a new tax, an increase in an existing tax, or a repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature."
You further noted that the Constitution is silent on what vote is required to repeal a new tax or decrease an existing tax, but that the legislature has taken the position that only a majority vote is needed to repeal a new tax or decrease an existing tax. Your further state that although Article 7, Section 2 requires a two-thirds vote to repeal an existing tax exemption, it is silent on what is required to enact such an exemption, and the legislature has thus taken the position that because of the silence of the constitution on this issue, only a majority vote is required to pass an exemption.
Reference is also made to Article 3, Section 20 of the Louisiana Constitution of 1974 which states:
 "Only the legislature may suspend a law, and then only by the same vote and, except for gubernatorial veto and time limitations for introduction, according to the same procedures and formalities required for the enactment of the law. After the effective date of this Constitution, every resolution suspending a law shall fix the period of suspension, which shall not extend beyond the 60th day after final adjournment of the next regular session."
This office has previously opined, in Opinions 75-501 and 77-597, that Article 7, Section 2 contemplates three separate and distinct kinds of tax measures. Specifically, a measure to repeal an existing tax exemption is different from a measure to levy a new tax, or a measure to increase an existing tax. Those opinions concluded that because Article 3, Section 2-A specifically prohibited the levying of a new tax or increasing an existing tax during a regular session held in an odd-numbered year, the absence of such a requirement for the repeal of an existing tax exemption permitted the legislature to repeal an existing tax exemption in a regular session held in an odd-numbered year.
Similarly, the suspension of a law pursuant to Article 3, Section 20 is a separate and distinct measure from the repeal of a law. A suspension is not subject to gubernatorial veto, and a resolution introduced to suspend a law does not suffer the same time constraints as a bill introduced to repeal the same law. The effect of a resolution is temporary, as it does not extend beyond the 60th day after final adjournment of the next regular session, whereas the repeal of a law is permanent.
Article 3, Section 20 requires that the number of votes needed to suspend a law shall be the same as that which was required to pass the law. Since Article 7, Section 2 requires a two-thirds vote to levy a new tax or increase an existing tax, a two-thirds vote would be required to suspend either the levy of a new tax or the increase of an existing tax.
The suspension of a tax exemption is not the same as a repeal of the tax exemption. The two-thirds vote requirement contained in Article 7, Section 2 pertaining to the repeal of an existing tax exemption is therefore inapplicable to the suspension of an exemption. Rather, as the constitution contains no provisions specifically addressing the votes needed to suspend a tax exemption, the general rule for suspension of laws found in Article 3, Section 20 governs. A tax exemption which requires only a majority vote to enact may be suspended by the same vote.
It is the opinion of this office that a two-thirds vote of each house of the legislature is required to suspend a law that levies a new tax, or increases an existing tax, but only a majority vote is necessary to suspend an existing tax exemption.
We have received a similar opinion request raising related issues. Enclosed is a copy of our response thereto, Opinion No. 93-274.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
RPI/cdw-0923d